IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JESSICA CASTILLEJA,** | |
| **Plaintiff,** | |
| vs. | Civil Action No. _____ |
| **OLE MEXICAN FOODS, INC.** and **VERONICA MORENO,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Jessica Castilleja, by and through her attorneys, herein asserts claims against Ole Mexican Foods, Inc. and Veronica Moreno for violations of the Equal Pay Act, 29 U.S.C. § 206(d), showing the Court as follows:

### INTRODUCTION

1.

In this Equal Pay Act action, Plaintiff Castilleja alleges that in her position as a plant manager for Ole Mexican Foods, Inc. (hereinafter "Ole") and its owner Veronica Moreno, she has received compensation of approximately half that of Ole's other plant managers, all of whom are male. The difference between Ms. Castilleja's pay and the pay of other Ole plant managers is not based on a bona fide

1

seniority, merit, or incentive system; legitimate job requirements; education, experience, training, or ability; shift differentials; on any other legitimate non-discriminatory reason. It is based on Ms. Castilleja's gender.

2.

Ms. Castilleja has filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act and is awaiting the outcome of the EEOC's investigation. Ms. Castilleja anticipates a future amendment to this Complaint to include a claim Title VII for sexual discrimination in employment.

**THE PARTIES, JURISDICTION, AND VENUE**

3.

The jurisdiction of this Court of Plaintiff's claim under the Equal Pay Act is invoked under 29 U.S.C. § 206(d) and 28 U.S.C. § 1331.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

5.

Ole is a Georgia corporation.

6.

Ole may be served with process via service on its registered agent for service, Hipolito M. Goico, at 2021 N. Druid Hills Road, N.E., Suite 200, Brookhaven, GA, 30329.

7.

This Court has personal jurisdiction over Ole.

8.

Defendant Veronica Moreno ("Moreno") is a natural person.

9.

Moreno resides within Fulton County, Georgia and may be served with process at her residence or wherever she may be found.

10.

This Court has personal jurisdiction over Defendant Moreno.

11.

Plaintiff Castilleja is a natural person, and a Georgia resident.

12.

At all relevant times, Castilleja has been an employee of Defendants.

## General Factual Allegations

13.

Ms. Castilleja has worked for Defendant Ole and its owner Defendant Moreno at a food processing plant located at 1750 Young Court, Norcross, Georgia from approximately 2005 through the present (hereinafter referred to as the "Young Court plant").

14.

Ole has numerous food processing plants across the country, including a plant located at 6485 Crescent Drive, in Norcross, Georgia.

15.

Ms. Castilleja held the position of Plant Manager of the Young Court Plant until March 2017.

16.

In March 2017 Ole changed Ms. Castilleja's job title to "Assistant Plant Manager."

17.

In March 2017 Ole designated Javier de Leon, a male employee, as Plant Manager of the Young Court Plant.

18.

Following her change in title to "Assistant Plant Manager", Ms. Castilleja continued performing the same core duties that she had performed during the time her title was "Plant Manager.

19.

Since August 2016, Ms. Castilleja has received a salary of $1,000 per week.

20.

From May 2015 through August 2016, Ms. Castilleja's salary was $900 per week.

21.

From May 2015 through the present ("the Relevant Time Period"), Defendants compensated Ms. Castilleja at a substantially lower rate than every other Ole plant manager, all of whom are male.

22.

During the Relevant Time Period, Defendants compensated Ms. Castilleja at a substantially lower rate than the male plant manager at Ole's other Norcross, Georgia plant.

23.

All the male Ole plant managers' pay structures are similar.

24.

All other Ole Mexican Foods Inc. plant managers earn $1800 per week plus various additional incentives.

25.

Ms. Castilleja performs every job duty that male Ole plant managers perform.

26.

Ms. Castilleja performs every job duty that the manager of Ole's other Norcross, Georgia plant performs.

27.

Ole employment decisions are centralized.

28.

There is interchange of employees and management between the various plants.

29.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on a bona fide seniority pay system.

30.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on a bona fide merit pay system.

31.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on a bona fide incentive pay system.

32.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on legitimate job requirements.

33.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on differences in education.

34.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on differences in experience.

35.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on differences in training.

36.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on differences in ability.

37.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on shift differentials.

38.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is not based on any other legitimate non-discriminatory reason.

39.

The difference in Ms. Castilleja's pay and that of Ole's male plant managers is based on her gender.

**Enterprise Coverage**

40.

During the Relevant Time Period, Ole has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

41.

During the Relevant Time Period, Ole has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

During the Relevant Time Period, Ole has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## Individual Liability of Defendant Moreno

43.

During the Relevant Time Period, Defendant Moreno has been "employer" within the meaning of the 29 U.S.C. § 203(d) insofar as she was acting directly or indirectly in the interest of Ole in her interactions with Ms. Castilleja, and she controlled the terms and conditions of Ms. Castilleja's employment and compensation on a day-to-day basis.

44.

During the Relevant Time Period, Defendant Moreno has been an owner of Ole.

45.

During the Relevant Time Period, Defendant Moreno has been Ole's Chief Executive Officer.

46.

During the Relevant Time Period, Defendant Moreno has been Ole's Chief Financial Officer.

47.

During the Relevant Time Period, Defendant Moreno has been Ole's corporate Secretary.

48.

During the Relevant Time Period, Defendant Moreno has been involved in the day-to-day operation of Ole.

49.

During the Relevant Time Period, Ole has Defendant Moreno with supervisory authority over Ms. Castilleja.

50.

During the Relevant Time Period, Moreno has exercised supervisory authority over Ms. Castilleja.

51.

During the Relevant Time, Moreno has exercised authority over Ms. Castilleja's compensation.

## COUNT I

**VIOLATION OF THE EQUAL PAY ACT – 29 U.S.C. §§ 206(D)(1) & 215(A)(2)**

52.

The allegations in preceding paragraphs are hereby incorporated by reference as if fully set out in this paragraph.

53.

During the Relevant Time Period, Plaintiff was an employee covered by the Equal Pay Act and entitled to the protections set forth in 29 U.S.C. §§ 206(d)(1) and 215(a)(2).

54.

During the Relevant Time Period, both Defendants were Plaintiff's employer as that term is used in the FLSA.

55.

During the Relevant Time Period, Plaintiff performed work that was and is substantially equal to that of its male plant managers, considering the skills, effort, and responsibilities of their respective jobs.

56.

During the Relevant Time Period, Plaintiff has worked under conditions substantially similar to those of male Ole plant managers.

57.

During the Relevant Time Period, Defendants violated the Equal Pay Act by compensating Plaintiff at a lower rate than it compensates male Ole plant managers.

58.

During the Relevant Time Period, Defendant willfully violated the Equal Pay Act with respect to Plaintiff.

59.

Plaintiff is entitled to actual damages for Defendants' violation of the Equal Pay Act in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

60.

Plaintiff is entitled to liquidated damages for Defendants' violation of the Equal Pay Act pursuant to 29 U.S.C. § 216(b).

61.

Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

    (a)    Take jurisdiction of this matter;

(b) Issue an Order holding each of the Defendants to be "employers" as that term is defined in 29 U.S.C. § 203(d);

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Defendants have failed to comply with the requirements of the Equal Pay Act with respect to Plaintiff;

(e) Award Plaintiff all back wages to which she is entitled, plus liquidated damages in an amount equal to 100% of her unpaid back wages;

(g) Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(i) Award Plaintiff her reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

(m) Award any and such other further relief this Court deems just, equitable and proper.

This 11th day of October 2017,

                      Respectfully submitted,

                      **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                      */s/ Michael A. Caldwell*

3100 Centennial Tower        Michael A. Caldwell
101 Marietta Street, NW       Georgia Bar No. 102775

Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
michaelcaldwell@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

Attorneys for Plaintiff